RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BOBBY WILLIAMS (#402690)     DOCKET NO. 13-CV-290; SEC. P

VERSUS     JUDGE TRIMBLE

JEFFREY O'NEAL, ET AL.     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro Se Plaintiff Bobby Williams filed a civil rights (42 U.S.C. §1983) complaint seeking damages for a disciplinary conviction that was later expunged, as well as injunctive relief in the form of placement in a work release facility. At the time of filing, Plaintiff was incarcerated at Winn Correctional Center in Winnfield, Louisiana. On March 6, 2013, Plaintiff informed the Court that he had been transferred to a work release facility in New Iberia, Louisiana. [Doc. #4]

The petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order of the Court.

### *Factual Allegations and Procedural History*

Plaintiff alleges that in March 2011, he was wrongfully written up for a violation of Rule 21 - Aggravated Sexual Offense. At a disciplinary hearing, the officer testified that Plaintiff admitted to the offense; however, Plaintiff contends that this is false. Regardless, Plaintiff was convicted and disciplinary sanctions of forfeiture of 180 days of good time and a custody change from minimum to medium were imposed. [Doc. #1-1, p.14]

After administratively challenging the conviction, Plaintiff filed suit in the 19th Judicial District Court. Ultimately, the disciplinary conviction and sanctions were expunged, and Plaintiff's good time was restored. [Doc. #1-1, p.2, 14]

### *Law and Analysis*

Plaintiff claims that his right to due process was violated by an improper disciplinary conviction that resulted in a change in his custody/security classification and a loss of good time. He also complains that the false report defamed his "character/name" and resulted in "mental distress/anguish." Although Plaintiff was sentenced to a loss of good time credits and a change in his security classification, both his good time credits and security classification were restored.[1]

First, Plaintiff's good time credits were restored in full, and the length of his overall sentence of incarceration was not extended. He has not alleged that he has served a single day more than required. Thus, Petitioner suffered no loss or injury as a result of the temporary loss of good time credits.

Plaintiff's custody classification was restored after the conviction was expunged, and it was confirmed that the expunged offense could not be used to determine that Plaintiff was

---

[1] See 1:12-cv-476; Report and Recommendation; adopted by Doc. #21.

2

ineligible for work release.[2] Regardless, a prisoner does not have a protected liberty interest in his custody classification. See Kossie v. Crain, 354 Fed.Appx. 82 (5th Cir. 2009); Harper v. Showers, 174 F.3d 716 (5th Cir. 1999). Nor does an inmate have a right to participate in a work release program. Louisiana Revised Statute 15:1111, which established Louisiana's work release program, entrusts the actual operation of the program to the LDOC. It is well-settled that La. R.S.15:1111 does not create a **liberty interest** subject to the Due Process Clause. Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994). It is also well settled that prisoners have no **property interest** work-release employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). Plaintiff is not entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are frivolous.

In sum, Plaintiff's vacated and expunged disciplinary conviction, and reinstatement of good time credits, did not infringe upon a constitutionally protected liberty interest that would invoke the protection of the due process clause of the Fourteenth Amendment. See Sandin v. Conner, 515 U.S. 472 (1995); see also Theard v. Cain, No. 05-30420 (5th Cir. June 21,

---

[2]There were apparently two subsequent disciplinary convictions, at least one of which could affect his trustee status. [Doc. #1-1, p.14 & 2]

2006)(unpublished)("[Plaintiff] cannot show a due process violation in connection with the disciplinary proceedings because his good-time credits have been restored [.]")

The Fifth Circuit has held that nominal and punitive damages may be awarded to a civil rights plaintiff when there has been a constitutional violation, but only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. See Williams v. Kaufman Cnty., 352 F.3d 994, 1014, 1015 (5th Cir. 2003)(citations omitted). In this case, there was no constitutional violation. Plaintiff received all of the process he was due.

The Court notes that, based on Plaintiff's updated address provided to the Clerk of Court, it appears that Plaintiff was ultimately allowed back into a work release program.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or**

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE